IN THE WESTERN DISTRICT FOR THE
WESTERN DISTRICT OF MISSOURI
SOUTHERN DIVISION

| | |
|---|---|
| SHARON DURHAM, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 6:16-cv-03196-RK |
| | ) |
| CAROLYN W. COLVIN, ACTING | ) |
| COMMISSIONER OF SSA[1]; | ) |
| | ) |
| Defendant. | ) |

## ORDER

Before the Court is Plaintiff Sharon Durham ("Plaintiff")'s appeal of the Commissioner of Social Security ("Commissioner")'s final decision denying Plaintiff's application for Supplemental Security Income ("SSI") under Title XVI of the Social Security Act ("the Act"), 42 U.S.C. §§ 1601-1637. For the reasons below, the Commissioner's decision is **AFFIRMED.**

## Standard of Review

The Court's review of the Commissioner's decision to deny disability benefits is limited to determining if the decision "complies with the relevant legal requirements and is supported by substantial evidence in the record as a whole." *Halverson v. Astrue*, 600 F.3d 922, 929 (8th Cir. 2010) (quoting *Ford v. Astrue*, 518 F.3d 979, 981 (8th Cir. 2008)); *see also* 42 U.S.C. § 405(g). "Substantial evidence is less than a preponderance of the evidence, but is 'such relevant evidence as a reasonable mind would find adequate to support the [Commissioner's] conclusion.'" *Grable v. Colvin*, 770 F.3d 1196, 1201 (8th Cir. 2014) (quoting *Davis v. Apfel*, 239 F.3d 962, 966 (8th Cir. 2001)). In determining whether existing evidence is substantial, the Court takes into account evidence that both supports and detracts from the Administrative Law Judge's ("ALJ") findings. *Cline v. Colvin*, 771 F.3d 1098, 1102 (8th Cir. 2014) (quotation marks omitted). "If the ALJ's decision is supported by substantial evidence, [the Court] may not reverse even if substantial evidence would support the opposite outcome or [the Court] would have decided differently." *Smith v. Colvin*, 756 F.3d 621, 625 (8th Cir. 2014) (quoting *Davis*, 239 F.3d at 966). The Court does not re-weigh the evidence presented to the ALJ. *Guilliams v. Barnhart*, 393 F.3d 798, 801 (8th Cir. 2005)

---

[1] Nancy A. Berryhill became the Acting Commissioner of Social Security on January 23, 2017, however, for consistency purposes, the case style in this action remains as originally filed.

(citing *Baldwin v. Barnhart*, 349 F.3d 549, 555 (8th Cir. 2003)). The Court should "defer heavily to the findings and conclusions of the [Commissioner]." *Hurd v. Astrue*, 621 F.3d 734, 738 (8th Cir. 2010) (citation omitted).

## Discussion

By way of overview, the ALJ determined the Plaintiff suffered from the following severe impairments: mental disorders variously diagnosed as personality disorder, anxiety disorder, borderline intellectual functioning, and organic mental disorder; degenerative disc disease; and obesity. However, the ALJ found that none of Plaintiff's impairments, whether considered alone or in combination, meet or medically equal the criteria of one of the listed impairments in 20 CFR Pt. 404, Subpt. P, App. 1. Despite Plaintiff's impairments, the ALJ found that Plaintiff retained the residual functional capacity ("RFC") to perform light work with several exceptions and limitations.[2] The ALJ found Plaintiff incapable of performing past relevant work as a nurse aide, laundry aide, poultry boner, fast food cook, and fast food manager/trainee but found there are jobs in significant numbers in the national economy that Plaintiff can perform, such as a housekeeping cleaner and mail sorter. Therefore, the ALJ determined Plaintiff was not disabled, as defined in the Act, from May 16, 2013, through the date of the ALJ's decision.

On appeal, the issues raised by Plaintiff's arguments in support of reversing the ALJ's decision are: (1) whether the ALJ properly weighed the medical opinion in the record, and (2) whether substantial evidence supports the ALJ's RFC determination. Upon review of the parties' briefs and the record, the Court affirms the ALJ's decision and finds the RFC determination is supported by substantial evidence.

In particular, Plaintiff argues that after crediting the opinion of consulting examiner, Dr. Sherry, the ALJ erred by failing to either include in his RFC Dr. Sherry's opinion that Plaintiff would not work well in an environment where there are changes in personnel or explain why he did not include this limitation into the RFC. However, Plaintiff's argument is misguided. The ALJ's RFC determination is consistent with his giving weight to Dr. Sherry's opinion because

---

[2] The ALJ imposed the following limitations: the Plaintiff can climb stairs and ramps occasionally; stoop, kneel, crawl, or crouch occasionally; never climb ladders and scaffolds; must avoid concentrated exposure to extreme cold and vibrations; frequently push and pull with arms and legs and reach in all directions; can understand, remember, and carry out simple instructions and non-detailed tasks; would be able to respond appropriately to supervisors and coworkers in a task-oriented setting where contact with others, including the public, is infrequent; and can perform repetitive work according to procedures, sequence, or pace.

the ALJ restricted Plaintiff to a task-oriented setting where contact with others, including the public, is infrequent. Infrequent contact with others minimizes the relevancy of Plaintiff's ability to adapt to changes in personnel. Additionally, Dr. Sherry also opined Plaintiff is able to manage relationships at a basic level. Because the ALJ's RFC determination is consistent with Dr. Sherry's opinion, the Court finds no error on this point.

## Conclusion

Having carefully reviewed the record before the Court and the parties' submissions on appeal, the Court concludes that substantial evidence on the record as a whole supports the ALJ's decision for the reasons set forth above.

IT IS THEREFORE, ORDERED that the decision of the Commissioner is **AFFIRMED**.

s/ Roseann A. Ketchmark
ROSEANN A. KETCHMARK, JUDGE
UNITED STATES DISTRICT COURT

DATED: September 12, 2017